UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:                                                                                    Chapter 11

**LONG ISLAND CITY DEVELOPERS GROUP, LLC**          Case No.  21-41272 (JMM)


                                            Debtor.
-------------------------------------------------------------------x

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING AND
APPROVING AN AUCTION SALE FOR THE REAL PROPERTY
KNOWN AS AND LOCATED AT 38-24 32nd STREET, LONG ISLAND
CITY, NEW YORK 11101, FREE AND CLEAR OF ALL MONETARY
LIENS, CLAIMS AND ENCUMBRANCES, WITH SUCH MONETARY
LIENS, CLAIMS AND ENCUMBRANCES TO ATTACH TO THE
PROCEEDS OF SALE; AND APPROVING THE BIDDING
<u>PROCEDURES FOR THE PROPERTY</u>**

**TO:   THE HONORABLE JIL MAZER-MARINO,
          UNITED STATES BANKRUPTCY JUDGE:**

Long Island City Developers Group, the debtor and debtor in possession (the "Debtor"), as and for its motion ("Procedures Motion") for  entry of an order the ("Procedures Order"), in accordance with sections 105, 363, and 365 of title 11, United States Code (the "Bankruptcy Code"), Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 2002, 6004, and 6006, Local Rule 6004-1: (a) authorizing and approving the terms and conditions for the sale of the real property known as and located at 38-24 32nd Street, Long Island City, New York (the "Property"); with the Property being sold free and clear of all monetary liens, claims and encumbrances, with such monetary liens, claims and encumbrances to attach to the proceeds of sale; (b) approving the form and manner of notice of the sale of the Property; (c) scheduling a hearing to confirm the results of the sale of the Property; (d) waiving the 14-day stay period

required under Bankruptcy Rule 6004(h); and (c) granting the Debtor such further relief as this Court deems just and proper, respectfully represents as follows:

## JURISDICTION AND STATUTORY PREDICATE

1. This Court has jurisdiction to hear this motion under 28 U.S.C. §§157(a) and 1334, and the Order of Reference of the United Stated District Court for the Eastern District of New York. This is a core proceeding pursuant to 28 U.S.C. §157(b). The statutory predicate for the relief sought herein is 11 U.S.C. §§105, 363(b) and (f), and 365(a), (b), and (f), and Federal Rules of Bankruptcy Procedure 2002, 6004, and 6006.

2. The statutory predicates for the relief requested herein are Bankruptcy Code §§105, 363, and 365, Bankruptcy Rules 2002 and 6004, and Local Rule 6004-2.

## FACTUAL BACKGROUND

3. On May 10, 2021 (the "Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United State Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

4. The Debtor has continued in possession of its Property as a debtor in possession under sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner or official creditors' committee has been appointed in this chapter 11 case.

5. The Debtor is a New York limited liability company and was organized on June 3, 2015. The Debtor owns a 10,000 square foot commercial building located at 38-24 32nd Street, Long Island City, New York (the "Property"). The Property currently has two tenants.

6. The bankruptcy filing was necessitated by the Debtor's financial hardship caused by the COVID-19 outbreak in New York City, its inability to meet its current debt obligations, and a pending collection proceeding by Cofane Associates, LLC ("Cofane"), in the New York

State Supreme Court, County of Nassau, Index No. 601581/2021.  The Debtor filed chapter 11 to resolve claims of all creditors in one forum and reorganize and propose a plan to pay its creditors.

7. On July 12, 2021, Signature Bank[1] filed a proof of claim asserting a secured claim in the aggregate amount of $2,512,444.58, with the exact amounts expressly delineated in the Addendum to Proof of Claim Interest Calculation, along with any post-petition interest, default interest, fees, and other charges to which they may be entitled under applicable law.  In the Debtor's schedules it lists Cofane as having a disputed subordinate secured claim, in the amount of $5,744,154.55. Cofane's claim may also be entitled to any post-petition interest, fees, and other charges under applicable law.  The Debtor reserves all of its rights as to the amount of these claims.

8. On November 30, 2022, the Debtor filed a liquidating plan of reorganization [ECF Doc. No. 63] (the "Plan") and Disclosure Statement in Connection with the Plan [ECF Doc. No. 62] (the "Disclosure Statement"). As the means of implementation of the Plan, the Debtor, through its broker, Dreamspace Realty LLC ("Dreamspace" or the "Broker"), will market and sell the Property, through a public auction pursuant to the Bid Procedures.

## RELIEF REQUESTED AND BASIS FOR RELIEF

### I.    The Entry Of The Procedures Order Is Appropriate And Necessary

9. By this Procedures Motion, the Debtor seeks entry of the Procedures Order (**Exhibit "A"** hereto): (a) scheduling the 363 Sale for December   , 2023 at 11:00 a.m. (Eastern); (b) approving the proposed Terms and Conditions of Sale to govern the 363 Sale of the Property (**Exhibit "B"** hereto); (c) approving the form and manner of notice of the 363 Sale (**Exhibit "C"**

---

[1] Thereafter, the Federal Deposit Insurance Corporation became the Receiver of Signature Bank on March 12, 2023.

hereto); (d) scheduling a hearing to confirm the results of the 363 Sale; and (e) waiving the 14-day stay period required under Bankruptcy Rule 6004(h).

### A. The 363 Sale of the Property Should be Authorized and Scheduled

10. The Debtor and 32nd Street Realty Associates, LLC ("32nd Realty"), have entered into a Purchase and Sale Agreement, a copy of which is attached hereto as **Exhibit "D"** (the "PSA"), whereby 32nd Realty has agreed to purchase the Property for the sum of $6,612,500.00, subject to any higher or better offers and based on certain condition and contingencies as more specifically set forth in the PSA and incorporated herein. 32nd Realty is not affiliated with or related to the Debtor or Joseph Torres, the Debtor's manager, in any way. Section 1.2 of the PSA provides that the Property "shall be delivered vacant and free of all leases and rights of any tenants.". The Debtor's two leases have expired, and it will be able to comply with section 1.2 of the PSA.

11. By this application, the Debtor respectfully requests approval of bidding procedures in connection with the proposed sale of the Property with 32nd Realty being the stalking horse bidder. The Debtor proposes to conduct the 363 Sale virtually on December   , 2023 at 11:00 a.m. (Eastern), or such other later date and time designated by the Court. Only parties that have delivered the required deposit and executed Terms and Conditions of Sale substantially similar to the PSA, to the Debtor by 5:00 p.m. (Eastern) on December   , 2023 will be entitled to participate in the 363 Sale. Cofane and the FDIC Receiver for Signature Bank or its successors and/or assigns may make competing credit bids to purchase the Property pursuant to section 363(k) of the Bankruptcy Code. The 363 Sale shall continue until there is only one offer that the Debtor determines is the highest or otherwise best offer for the Property.

12. Upon entry of the Procedures Order, the Broker shall engage in a marketing plan, which will include, inter alia: (a) listing the Property on appropriate websites; (b) soliciting bidders by phone and email; (c) making marketing and due diligence materials available to interested parties through a virtual data room; (d) supervising inspections for interested parties; (e) advertising the 363 Sale in appropriate publications; and (f) distributing electronic flyers and marketing materials. The Trustee submits that the proposed December __, 2023 sale date will provide sufficient time for the Broker to adequately advertise the 363 Sale to ensure that the highest or otherwise best offer for the Property is received.

### B. The Terms and Conditions of Sale Should Be Approved

13. The proposed Terms and Conditions of Sale to govern the 363 Sale of the Property are annexed as **Exhibit B**. The Debtor submits in its reasonable business judgment that the proposed Terms and Conditions of Sale are designed to ensure that the Debtor's estate receives the maximum benefit from the sale of the Property on a reasonable timetable given the circumstances of this case and therefore warrant Court approval.

### C. The Notice of Sale Should Be Approved

14. Pursuant to Bankruptcy Rules 2002(c) and 6004(a), the Debtor is required to give twenty-one (21) days' notice of any proposed sale of property not in the ordinary course of business to the Office of the United States Trustee and all creditors. See FED. R. BANKR. P. 2002(c) and 6004(a). Bankruptcy Rule 2002(c) provides that such notice must include the time and place of any auction, a sale hearing, and the time fixed for objections to the sale. See FED. R. BANKR. P. 2002(c). Order No. 557 provides that the statutory notice period should not be shortened for notice of the actual sale without a showing of good cause. See Order No. 557 at p. 11.

15. Here, the Notice of Sale annexed as Exhibit C will be served in accordance with Bankruptcy Rule 2002(c) at least twenty-one (21) days prior to the 363 Sale. As reflected in the Notice of Sale, it includes: (a) the date, time and location of the 363 Sale; (b) the Terms and Conditions of the 363 Sale; and (c) a reasonably specific description of the Property. Notice of the 363 Sale will also be published by the Broker in appropriate publications in advance of the 363 Sale.

16. The Debtor submits that the Notice of Sale as proposed complies with Bankruptcy Rule 2002 and Order No. 557 and constitutes good and adequate notice of the 363 Sale. Therefore, the Debtor respectfully requests that the Court approve the proposed Notice of Sale.

### D. The Sale Approval Hearing Should Be Scheduled

17. The Debtor proposes that, following the 363 Sale, an affirmation to confirm the results of the sale will be submitted to the Court along with the proposed Approval Order authorizing and approving, inter alia, Debtor's sale of the Property to the successful bidder from the 363 Sale. Subject to Court availability, the Trustee proposes that the hearing be conducted in December   , 2023 ("Sale Approval Hearing").

### E. The 14-Day Stay Period Should Be Waived

18. Pursuant to Bankruptcy Rule 6004(h), all orders authorizing the sale of property pursuant to section 363 of the Bankruptcy Code are automatically stayed for fourteen (14) days after entry of the order, unless otherwise ordered by the Court. FED. R. BANKR. P. 6004(h). The stay period is intended to provide sufficient time for an objecting party to appeal before the order is implemented. See Advisory Committee Notes to FED. R. BANKR. P. 6004(h).

19. Although little guidance is provided by either Bankruptcy Rule 6004(h) or the Advisory Committee Notes as to when a court should "order otherwise", it has been suggested

that the 14-day stay period should be eliminated to allow a sale or other transaction to close immediately "where there has been no objection to the procedure." See 10 COLLIER ON BANKRUPTCY § 6004.09 (Lawrence P. King, et al. eds, 15th ed. rev. rel. 2003). If an objection is filed and overruled, and the objecting party informs the court of its intent to appeal, the stay may be reduced to the amount of time actually necessary to seek a stay pending such appeal. Id.

20.     Here, the Debtor respectfully requests that the Court waive the 14-day stay period required under Bankruptcy Rule 6004(h). This relief is both necessary and appropriate under the circumstances of this case. Indeed, in the event the Procedures Motion is approved, the Debtor intends to commence advertising the 363 Sale.

## II.    The Form of Approval Order

21.     By this Motion, the Trustee also seeks entry of the form of Approval Order following the

Sale Approval Hearing. As set forth above, the Debtor shall submit an affirmation confirming the results of the 363 Sale prior to entry of the final Sale Approval Order.

### A.    The 363 Sale of The Property Represents A Reasonable Exercise Of The Debtor's Business Judgment And Should Be Approved

22.     Pursuant to Bankruptcy Rule 6004(f)(1), sales of a debtor's property outside the ordinary business may be by private sale or public auction. The Debtor believes that it is in the best interests of its estate to sell the Property at a public auction, as set forth in the Bidding Procedures, to ensure that they receive the highest and best offer for the Property.

23.     Section 363(b) of the Bankruptcy Code provides that a debtor "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). A debtor's determination to sell or use assets outside the ordinary course of business under section 363, and the procedures employed by a debtor to effect such a

sale, are entitled to substantial deference under the business judgment rule. Motorola, Inc. v. Off. Comm. of Unsecured Creditors (In re Iridium Operating LLC), 478 F.3d 452, 466 (2d Cir. 2007). "The business judgment rule's presumption shields corporate decision-makers and their decisions from judicial second-guessing when the following elements are present: (1) a business decision, (2) disinterestedness, (3) due care, (4) good faith, and (5) according to some courts and commentators, no abuse of discretion or waste of corporate assets." In re Integrated Resources, Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992) (internal quotation marks omitted); *see also* Licensing By Paolo. Inc. v. Sinatra (In re Gucci), 126 F.3d 380, 387 (2d Cir. 1997). In re Dial-A-Mattress Operating Corp., Case No. 1-09-41966 (dem), 2009 Bankr. LEXIS 1801, at *12 (Bankr. E.D.N.Y. June 24, 2009) (explaining courts "generally will defer to the business judgment of the debtor's management" (citations omitted).

24. The Court of Appeals for the Second Circuit first enunciated this standard by stating: "[t]he rule we adopt requires that a judge determining a §363(b) application expressly find from the evidence presented before him at the hearing a good business reason to grant such application." In re Lionel Corp., 722 F.2d at 1070-71.

> the proportionate value of the asset to the estate as a whole, the amount of elapsed time since the filing, the likelihood that a plan of reorganization will be proposed and confirmed in the near future, the effect of the proposed disposition on future plans of reorganization, the proceeds to be obtained from the disposition vis-à-vis any appraisals of the property, which of the alternatives of use, sale or lease the proposal envisions, and most importantly perhaps, whether the asset is increasing or decreasing in value.

Lionel, 722 F.2d at 1071.

25. The Debtor seeks approval to sell the Property, free and clear of any and all liens, claims or encumbrances in accordance with section 363(f) of the Bankruptcy Code. A debtor

may sell property to section 363(b) and 363(f) "free and clear of any interest in such property of an entity other than the estate" if one of the following conditions are satisfied:

- applicable non-bankruptcy law permits sale of such property free and clear of such interest;
- such entity consents;
- such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
- such interest is in bona fide dispute; or
- such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. §363(f).

26. Here, the Debtor determined in its sound and reasonable business judgment that selling the Property outside the ordinary course of business at the 363 Sale is justified, necessary and appropriate. The Debtor's largest asset is the Property and its liquidation will provide the surest way to confirm a Chapter 11 plan. Therefore, the Debtor's primary goal is to sell the Property expeditiously and for the greatest amount possible.

27. The Debtor believes that the sale of the Property, as outlined herein, is the estate's best opportunity to achieve the highest and best offer, to recover the maximum value from the Property for the benefit of the estate and its creditors, and to provide a means to a confirm a Chapter 11 plan. The Debtor has filed a Chapter 11 plan and intends to confirm that plan prior to the closing on the sale of the Property.

### B. The Property Should Be Sold Free and Clear of any All Interests Pursuant to Section 363(f) Of the Bankruptcy Code

28. The Debtor proposes that the Property be sold free and clear of all tenancies, and any and all interests including, but not limited to, liens, claims, encumbrances, interests, judgments and/or mortgages, or adverse claims to title, of whatever kind or nature (collectively,

"Interests"), with such Interests, to attach to the proceeds of sale in such order and priority as they existed immediately prior to the commencement of the Debtor's Chapter 11 case.

29. Section 363 of the Bankruptcy Code permits a trustee or debtor in possession to sell property free and clear of any interest in such property if: (a) applicable state law will permit the sale; (b) such entity consents; (c) the price at which the asset is being sold exceeds the aggregate value of all liens on such property; (d) the interest is in bona fide dispute; or (e) the entity with an interest in the asset being sold could be compelled in a legal or equitable proceeding to accept a money satisfaction of its interest in and to the property. See 11 U.S.C. § 363(f).

30. Several courts have held that notwithstanding the use of the term "interest" in the statutory language of section 363(f), such section grants bankruptcy courts the power to convey assets free and clear of claims. See, e.g., In re Trans World Airlines., Inc., 322 F.3d 283, 290 (3d Cir. 2003). The Debtor believes that Cofane and the FDIC Receiver for Signature Bank or its successors and/or assigns will consent to the sale of the Property. Furthermore, all known holders of Interests in the Property will be provided notice of the proposed 363 Sale. Thus, all known holders of Interests in the Property will have an opportunity to oppose the proposed sale of the Property pursuant to section 363(f) of the Bankruptcy Code and to be heard at the hearing.

31. Based on the foregoing, the requirements of section 363(f) of the Bankruptcy Code are satisfied, and the Property may be sold free and clear of any and all Interests.

        **C.**    **The Successful Bidder Should Be Afforded <br>              Protection Under Section 363(m) of the Bankruptcy Code**

32. Section 363(m) of the Bankruptcy Code affords protection to a good faith purchaser in any interest in property purchased from an estate, whether the sale conducted is later reversed or modified on appeal. Specifically, section 363(m) provides as follows:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m); see also Allstate Ins. Co. v. Hughes, 174 B.R. 884, 888 (S.D.N.Y. 1994) ("Section 363(m) . . . provides that good faith transfers of property will not be affected by the reversal or modification on appeal of an unstayed order, whether or not the transferee knew of the pendency of the appeal."); In re Stein & Day, Inc., 113 B.R. 157, 162 (Bankr. S.D.N.Y. 1990) ("good faith purchasers are protected from the reversal of a sale on appeal unless there is a stay pending appeal").

33. The United States Court of Appeals for Second Circuit has held that a party would have to show fraud or collusion between a buyer and the debtor-in-possession or trustee in order to demonstrate a lack of good faith. See Kabro Assocs., L.L.C. v. Colony Hill Assocs. (In re Colony Hill Assocs.), 111 F.3d 269, 276 (2d Cir. 1997) (citations omitted) ("[t]ypically the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the Debtor, or an attempt to take grossly unfair advantage of other bidders."); see also In re Bakalis, 220 B.R. 525, 537 (Bankr. E.D.N.Y. 1998).

34. Here, the Debtor intends to conduct the 363 Sale of the Property. The Debtor anticipates that, following the 363 Sale, it will seek to confirm the sale to the highest or best bidder. The Debtor anticipates that such bidder for the Property will be acting in good faith since the 363 Sale will be conducted at arm's-length with an opportunity for competitive bidding.

35. Accordingly, the Proposed Approval Order anticipates that the successful

bidder at the 363 Sale (including Cofane and/or the FDIC Receiver for Signature Bank, or its successors and/or assigns) will be afforded the protections available under section 363(m) of the Bankruptcy Code.

36. Pursuant to Order No. 557, the Debtor is required to highlight any "extraordinary provisions" in a separate section of a motion seeking to sell estate assets. The only provision that needs to be highlighted is paragraph 1.2 of the PSA which provides that the Property "shall be delivered vacant and free of all leases and rights of any tenants." The Debtor's two leases have expired, and it is finalizing surrender agreements which will enable the Debtor to comply with section 1.2 of the PSA. Under paragraph 7 of the PSA, the Closing shall occur thirty (30) days after the Debtor gives purchaser notice that the Property is vacant, and according to paragraph 32 the PSA terminates within 5 months after its execution if the Property is free of tenancies or this Court has not approved the Sale. The Debtor submits that other than these provisions, there are no "extraordinary provisions" with respect to the proposed 363 Sale that have not otherwise been highlighted herein.

37. Based upon the foregoing, the Debtor submits that the Sale of the Property, as outlined herein, to the person or entity making the highest or best offer for the Property, is and will be an exercise of sound business judgment, is in the best interests of the Debtor's estates, and its creditors, and should be approved in all respects.

38. No previous application for the relief requested in this Motion has been made to this or any other Court.

**WHEREFORE**, the Debtor respectfully requests that this Court enter: (i) the Procedures Order , substantially in the form annexed hereto as Exhibit A, thereby(a) scheduling the 363 Sale for December    , 2023 at 11:00 a.m. (Prevailing Eastern Time); (b) approving the proposed

Terms and Conditions of Sale to govern the 363 Sale of the Property (Exhibit "B" hereto); (c) approving the form and manner of notice of the 363 Sale (Exhibit "C" hereto); (d) scheduling a hearing to confirm the results of the 363 Sale; and (e) waiving the 14-day stay period required under Bankruptcy Rule 6004(h).

Dated: New York, New York
       October 31, 2023

                                          Morrison + Tenenbaum PLLC
                                          Attorneys for the Debtor

                                          By: /s/ Brian J. Hufnagel
                                               Brian J. Hufnagel
                                               87 Walker Street, Floor 2
                                               New York, New York 10013
                                               (212) 620-0938
                                               bjhufnagel@m-t-law.com